GEORGE *vs.* M'NEILL ET ALS.

APPEAL FROM THE COURT OF THE EIGHTH JUDICIAL DISTRICT, THE JUDGE OF THE FOURTH (THEN JUDGE WATTS,) PRESIDING.

A mandatory is not considered to have exceeded his authority, when he has fulfilled the trust confided to him, in a manner more advantageous to his principal, than that expressed in his appointment.

The circumstance of the factor, being a creditor of the consignor or owner, and the necessity of his advances being covered, will not of itself justify a sale below the limited price.

So where twenty bales of cotton were consigned, and limited to be sold for nine and a half cents, or *more,* and without further instructions, the factor or agent sells at seven and eight and a half cents per pound; and it is proved, that a higher price than that at which the cotton was sold, could not be obtained; and when it also appears, that this was the highest market price, obtainable at any time between the sale and the inception of suit, the price at which the cotton actually sold, is all the principal or owner can recover.

This is an action, instituted by the owner, to recover from the factors, the sum of seven hundred and eighty dollars ninety cents, as the price and proceeds of twenty bales of cotton, consigned for sale at the limit of nine and a half cents per pound, according to the following receipt :

"Received of John George, twenty bales of cotton, marked J. G., from one to twenty, for sales and returns at *nine and a half cents, or more.* May 28th, 1831. "

                       "John T. M'Neill, & Co."

Notwithstanding this agreement, the defendants, through their agents, Hagan, & Co., sold the cotton in July following, below the limits ; eight bales at seven and three-fourth, and twelve at eight and three-fourth cents per pound. This suit is brought to compel them to account to the plaintiff, at the *limit price.* There is no allegation in the petition, and no attempt on the trial, to prove that cotton of like quality of that of the plaintiff, sold between the date of the agreement, and the institution of suit, at nine and a half cents, or for any higher price, than that stated in the account of sales.

WESTERN DIST.
*August*, 1834.

GEORGE
*vs.*
M'NEILL ET ALS.

The defendants pleaded a general denial ; and that they were always ready to account, and pay over the proceeds of said cotton, at the price for which it sold ; or if the plaintiff was dissatisfied with the sale, they would replace it with other cotton of a similar sample.   They further state that the cotton was never worth the limit, and that the price at which it sold, was more than it was worth.   They also set up several sums, amounting to three hundred dollars, which they plead in compensation of the plaintiff's demand.

It appeared in evidence, that the cotton was held up until late in the season, to obtain the limited price, but the market not allowing it, sales were made at the prices stated in the account of sales, without further instructions from the owner.

Upon these issues and facts, the parties went to trial.   The district judge, who presided at the trial, instructed the jury, "that there was a plain violation of the contract, on the part of the defendants, but that before the plaintiff could recover against the defendants, any thing beyond the actual proceeds of the cotton, it was incumbent on him to allege and prove, that he had sustained damages, by such violation of the written agreement ; that if at any time, between the date of the contract, and the institution of the suit, cotton of similar quality with plaintiff's, had sold for ten, fifteen, or twenty cents per pound, and he had alleged and proved this fact, he would be entitled to recover the difference between the actual sales and such price ; but that in this case the plaintiff had not done so, he had no right to recover beyond the balance in defendant's hands, after allowing the claims pleaded and proved in compensation. "

The jury returned a verdict for the plaintiff, of four hundred and thirty-nine dollars thirty cents, after deducting the defendant's claims, set up in compensation, but at the same time, charging them with the cotton, at the rate of nine and a half cents per pound.

Both parties were dissatisfied with the verdict, but the court considered, as the defendants acted incorrectly, in violating an express agreement, when they could easily have

consulted the plaintiff, and still retained the proceeds of the cotton in their hands, that the verdict had done no more than substantial justice, although contrary to the principles of law, given in the charge, *denied a new trial.* From the judgment rendered on the verdict, the defendants appealed.

*Lawson,* for the plaintiff.

1. When there is a special agreement between the principal and factor, that the consigned property shall not be sold under a limited price, the consignee violates that agreement, if he sells under that price, and the principal can recover the limit price stipulated, or ascertained damage, on alleging and proving the violation of that contract. *La. Code, art.* 1928, 2979, 2980.   2 *Pothier, on Ob.* 93, 98.   1 *Mass. Reports,* 27, 54, 288.

2. The defendant violated his contract, by substituting other persons to sell the cotton, and is liable for his sub-agent's acts.   1 *Livermore on Agency,* 54, 64, 66, 381.

3. When the power of a factor is limited by instructions, he is bound to pursue those instructions.   If he deviate from his orders, though with a view to his employer's interest, he will be liable for the consequences.   The loss sustained by the principal, is the measure of damages, which he is entitled to recover against his factor.   1 *Livermore on Agency,* 368, 369, 342, 398, 403.

4. The rule of law is, that the consignor of goods, limiting the price at which the factor may dispose of them, and the factor violates his instructions by selling them for less, the consignor is entitled to recover, not only the amount for which the goods were sold, but also the difference between that amount and the price limited.   1 *Livermore on Agency,* 380, 385.

5. The jury erred in admitting the demand pleaded in compensation.   There is no evidence, that plaintiff ever accepted the draft drawn on him, or agreed to pay the notes pleaded in compensation.   The judgment of the court *a qua* ought to be amended in this respect.

*Bradford,* for the defendants and appellants.

1. The appellants were commission merchants in New-Orleans, and as such were the agents of the appellee. An agent can act by a sub-agent, he being answerable for the acts of his sub-agent, to his principal.

2. In holding and finally disposing of the cotton of the appellee, the appellants used all the care and deligence, which " prudent men" would have been required to have used, to get the best price therefor, which the market would afford.

3. The appellee being the debtor of the appellants, they were justified in making sale of his cotton, after waiting a reasonable time for a rise in the market, to meet the views of their principal.

4. The appellants held on to the cotton, as long as there was reasonable ground to hope for an improvement in the price, and it was incurring continual expense for storage.

The counsel cited to the court, in support of the foregoing points, the following cases from Martin's Reports : *Weems* vs. *M'Micken,* 7 *Martin,* 54. *Young* vs. *M'Laughlin et als. Ibid.* 628. *Noble* vs. *M'Micken,* 9 *Martin,* 188. *Madeira et als* vs. *Townsley et als,* 12 *Martin,* 84.

*Martin, J.,* delivered the opinion of the court.

The sole question which this case presents, is whether a commission merchant, who has sold cotton below the *limited price,* is bound in every case to account for it, at *that price.* Livermore, in his valuable treatise on agency, is said to have laid down the broad principle, that a factor who sells below the limited price, is chargeable with the difference between the price he sold at, and that limited by the owner. *Livermore on Agency,* Baltimore edition, 1 vol. 380, 384.* A copy

---

*Under the head of " the form of action, which the principal may maintain against his agent, for *nonfeasance, misfeasance,, or malfeasance,* " *Mr. Livermore,* in his Treatise on Agency, Baltimore edition, at page 384¹ says :

" As to the general question, I should suppose, that where the factor is positively ordered not to sell the goods under a certain price, his selling

WESTERN DIST.
*August,* 1834.

GEORGE
*vs.*
M'NEILL ET ALS.

WESTERN DIST. of this edition of that work, is not within our reach at
*August*, 1834. this place, and the passage cited, has been looked for in vain
GEORGE       in the Boston edition, which is the only copy to which
*vs.*        we have been able to have access. That this rule is the
M'NEILL ET ALS. proper one in most cases, we have no hesitation to admit, but
we are equally ready to say, that in some cases, the owner of
the goods may justly contend, that this rule affords him but an
inadequate satisfaction, while we allow the factor may insist,
that it mulcts him in excessive damages, and consequently
condemns him to pay damages, when the owner is not
entitled to any.

A has a plantation, which is the ancient family seat,
and which he estimates at a price, much above the sum that
he may reasonably accept. It is the price of affection. At
his departure, he directs his agent to sell it, but not below
that price, which is the only one that affords him a sufficient
inducement, to part with the property, the sale of which,
necessity and the situation of his affairs does not demand.
The agent is induced, by the desire of obtaining his commis-
sions, or the use of the money, to sell at a good price, but
below the limit imposed by the principal. This is perhaps a
case, to which the rule invoked from Livermore is applicable,
in which the measure of damages, is the difference between
the two prices.

them for less, is as much a tortious conversion, as if he had given them away;
for though the principal has given him an authority, which, as far as third
persons are concerned, will not be affected, by his private instructions; yet
as between the principal and factor, it is the same as if he had given no
authority, when the limits of the authority have been exceeded, and no
discretion was left with the factor. If, as Mr. Justice LAWRENCE seems to
think, an action for money had and received, be the principal's only remedy,
there certainly would be no use in limiting the factor as to price; since in
this action the plaintiff would affirm the sale, and the money actually pro-
duced by the sale of the goods, would be all that he could recover. Even
if the factor has sold the goods for less than the market price, the principal
must submit to the loss, unless he can maintain some other action more
favorable to him than this. Nor is the action of trover such as to afford
him complete satisfaction. When the price at which goods are to be sold
is limited by the instructions given to the factor, these instructions have
reference to a certain state of the market. They are not intended to guard

During the invasion of this state by the enemy, in the winter of 1814–15, cotton fell to *six cents*. After the peace, it gradually rose to *thirty*. If during the seige of New-Orleans, a factor had received cotton, with directions not to sell under *six cents*, and after peace was proclaimed, had sold it for *five cents*, while fifteen or twenty cents per pound might have been obtained, the owner of the cotton might have well contended, that his case was one in which Livermore's rule afforded but an inadequate measure of damages : As the object of the limitation, was to fix a *minimum* price, not to absolve the factor from the obligation of consulting his principal's interest, by selling for the highest price he could obtain.

In the case of a factor, who had sold below the limited price, but who could show that this price was so extravagant, that neither at the time of the sale, or at any period since, it could be obtained : As if after sales at thirty cents, in 1815, a planter in 1816, had sent his crop to market, with directions not to sell under that price, and the factor having sold for twenty cents, it appearing that this was the highest price, that could be obtained at the time of the sale, or at any period between that and the time of instituting suit, the factor

against a sale for less than the current market price, at the time of making the sale ; for this is an event not contemplated by the principal, nor is it of frequent occurrence. The object of the principal is to hold the goods, until a favorable state of the market renders it expedient to dispose of them. Of this he is competent to judge ; and it is the duty of the factor to conform to his directions ; and he is answerable for violating them. But if the principal has directed the factor not to sell the article for less than five dollars, and the factor sells it for four dollars, which is the current market price at the time ; an action of trover will not afford satisfaction ; for in trover the rule is, that the plaintiff is entitled to damages equal to the value of the article converted, at the time of the conversion. This value is not to be estimated according to the notion the plaintiff may have of it, nor with reference to the state of the market at another time ; but must be calculated according to tho actual state of the market, at the time of sale. A special action on the case, alleging the *gravamen*, either as a breach of promise, or a breach of duty, would therefore be advisable ; and in this action I apprehend the plaintiff would be entitled to recover, not only the amount for which the goods sold, but also the difference between that amount and the price limited."   REPORTER.

17

WESTERN DIST.
*August*, 1834.

GEORGE
*vs.*
M'NEILL ET ALS.

might well contend, that the difference of the price of sale, and the highest price obtainable since, afforded the just measure of damages, while Livermore's rule subjected him to excessive damages.

If in the preceding case, the factor had been drawn on, and accepted drafts for the full amount of the value of the cotton, and showed that the additional cents on the price, were not to be obtained, for even a year after he made the sale; that the protest of the drafts, the interest on money obtained from brokers to redeem them, the storage of the cotton, and its protection from the danger of fire, would all amount to a considerable sum, and render a sale advantageous, although below the limited price, and show that it was beneficial rather than detrimental to the interests of the principal; it is clear the rule invoked would subject the agent to damages, in a case where he was not liable to any.

*A mandatory is not considered to have exceeded his authority, when he has fulfilled the trust confided to him in a manner more advantageous to his principal than that expressed in his appointment.*

The counsel for the plaintiff and appellee, has referred us to the articles 1928, 2978 and 2980 of the *Louisiana Code*, in support of the rule for which he contends. The first of these articles does not appear to this court, to have any bearing on the question under consideration. The next declares, that the attorney who exceeds his authority, is personally liable, and bound by the contract; and the last consecrates the principle which we think ought to govern this case. It provides, that the mandatory is not considered to have exceeded his authority, when he has fulfilled the trust confided to him, in a manner more advantageous to the principal than that expressed in his appointment.

*The circumstance of the factor being a creditor of the consignor or owner, and the necessity of his advances being covered, will not, of itself, justify a sale below the limited price.*

We have also been referred to authorities found in 1 *Mass. Reports, 57, 254 and* 288, and to *Pothier on Obligations*, 93 *and* 98. These authorities, as far as we have been able to examine them, do not in the opinion of this court, support the principle, in favor of which they are invoked, and to the extent contended for by the appellee.

*So where twenty bales of cotton were consigned and limited to be sold for nine and a half cents, or more, and without further instructions, the factor or agent sells at seven and eight and a half*

The appellants' counsel has presented, as a ground of justification, in behalf of a sale made below the limited price, the circumstance of their being creditors of their principal, and the necessity of their advances being covered. But this justi-

fication cannot, in our opinion, be admitted. The record shows the defendants and appellants have proved, that a higher price than that at which they sold the plaintiff's cotton, could not have been obtained. It does not appear, that at any time between the sale of the cotton, and the inception of this suit, that cotton sold higher.

We therefore conclude, that on the evidence before them, the jury erred in applying the rule contended for by the plaintiff's counsel in this case. But we think justice requires that the plaintiff should have an opportunity of showing, that he was really injured by the sale, being unwilling to pronounce against him, in direct opposition to the verdict.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be annulled, avoided and reversed; that the verdict be set aside, and the cause remanded for a new trial; the plaintiff and appellee paying costs in this court.

<div align="right">

WESTERN DIST.
*August*, 1834.

